IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAXLANE, LLC., | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO. _____ ) |
| VIDEO TAX NEWS INC., a Canadian corporation, | ) ) ) |
|     Defendant. | ) ) ) |

**COMPLAINT**
_____

AND NOW, comes Plaintiff, TaxLane, LLC, by its attorneys and for its Complaint, alleges as follows:

**THE PARTIES**

1. Plaintiff, TaxLane, LLC ("TaxLane") is a Pennsylvania limited liability company having a place of business at 3000 McKnight East Drive, Suite 350, Pittsburgh, PA 15237.

2. Upon information and belief, defendant Video Tax News Inc. ("Video Tax" or "Defendant") is a Canadian corporation having a principal place of business at Suite 220 – 9223 28 Ave, Edmonton, Alberta T6N 1N1, Canada.

3. Defendant Video Tax may be served with summons and process through appropriate procedures as identified in the Hague Convention or through their counsel

Dentons US, LLP, at 4520 Main Street, Suite 1100, Kansas City, MO 64111-7700, Attention Tiffany L. Schwartz.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

4.      This is an action in law and equity for, *inter alia*, intentional trademark infringement and deceptive business practices.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.  This matter involves a federal question pursuant to 15 U.S.C. §§ 1114, 1125(a).  Diversity jurisdiction is established as this controversy arises between a citizen of a state and a citizen or subject of a foreign state and involves an amount in controversy in excess of the jurisdictional threshold of 28 U.S.C. § 1332.  Additionally, supplemental jurisdiction over the state statutory and common law claims exists pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6.      Personal jurisdiction over Defendant Video Tax is proper in this Court under the principles of due process and Pennsylvania's Long Arm Statute because, upon information and belief, Defendant Video Tax conducts business within the Commonwealth of Pennsylvania and this judicial district.

7.      Venue in this Court is based upon 28 U.S.C. §§ 1391.

## FACTUAL BACKGROUND

8.      As set forth below, Defendant has damaged TaxLane and continues to cause TaxLane harm by, among other improprieties, confusing the public and diluting

2

TaxLane's protected intellectual property through its continued use of TaxLane's trademark.

## The Infringed Intellectual Property

9. TaxLane has developed an array of successful tax services for individuals and businesses. TaxLane offers, markets, and sells those services under its TAX LANE ® Trademark, which is registered with the United States Patent and Trademark Office. TaxLane has devoted thousands of hours to experimenting, testing, and perfecting TAX LANE ® tax services that are relevant, useful, functional, and in demand for use by individuals and businesses. Through those efforts, TaxLane has developed tax services that are sought after in the marketplace and recognized in connection with its TAX LANE ® Trademark.

**Trademark Infringement**

10. TaxLane has spent a great deal of time and resources developing its brand for a variety of tax related services and is the owner of United States Trademark Registration No. 4,785,343 for TAX LANE in connection with bookkeeping, payroll administration and management services, tax and taxation planning, advice, information and consultancy services, tax preparation, and the goodwill associated therewith. TaxLane has made the Registered TAX LANE Trademark distinctive and brought it recognition throughout the United States through a multifaceted internet, blog, and social media-based marketing campaign for high quality tax services. A copy of the trademark registration is attached hereto as Exhibit A.

11. TaxLane, LLC was organized in the Commonwealth of Pennsylvania on July 7, 2010.

12. TaxLane owns the registered domain www.taxlane.com.

13. Video Tax has is currently unlawfully using TaxLane's Registered TAX LANE ® Trademark in the United States of America.

14. Video Tax has unlawfully used and is currently unlawfully using TaxLane's Registered TAX LANE ® Trademark in connection with tax related video presentations made to appear to be TaxLane video presentations.

15. Defendants' use of TaxLane's Registered TAX LANE ® Trademark, an example of which is provided below, constitutes trademark infringement in violation of U.S. and state trademark law.



16. Defendants' use of TaxLane's Registered TAX LANE ® Trademark in connection with the sale, offering for sale, advertising, and distribution of services included in the Registration of TaxLane's TAX LANE ® Trademark in the U.S. includes offering of seminars entitled "IRS Lawsuit, U.S. Tax Changes, U.S. Estate Taxes, and End of U.S. Offshore Voluntary Disclosure Program." Those uses constitute a false designation of origin that is likely to cause confusion or mistake or to deceive consumers into believing that Defendant's services are associated with TaxLane and to

5

deceive consumers into believing that Defendant's services are sponsored, approved, or authorized by TaxLane.

17. On information and belief, Defendant has acted with full knowledge that TaxLane owns the Registration for the TAX LANE ® Trademark and Defendant has acted willfully and intentionally to misrepresent its products as being affiliated with TaxLane.

18. Regardless of intent, on information and belief, Defendant's infringing use of TaxLane's Registered TAX LANE ® Trademark has caused consumers actual confusion and mistake, and is likely to continue to cause such confusion and mistake, as to the source of Defendant's services.

19. Defendant has unlawfully used and continues to unlawfully use and misappropriate the goodwill and reputation TaxLane has established in TaxLane's Registered TAX LANE ® Trademark in such a way that consumers have been and are likely to continue to be lured to purchase Defendant's services with the mistaken belief that Defendant's services are TaxLane services or have an affiliation, sponsorship, or other connection with TaxLane.

20. TaxLane has been and will continue to be damaged by Defendant's foregoing acts of infringement, misappropriation, unfair competition, deceptive trade practices, and false advertising.

## **COUNT ONE –– TRADEMARK INFRINGEMENT –**
## **15 U.S.C. § 1114 (LANHAM ACT § 32)**

21. The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

22. Defendants' continued use of TaxLane's TAX LANE ® Trademark, United States Trademark Registration No. 4,785,343, constitutes an infringement of TaxLane's Registered Trademark and is likely to have and to continue to cause confusion, mistake, and deception to the public as to the identity and origin of TaxLane's services, causing irreparable harm to TaxLane for which there is no adequate remedy at law.

23. TaxLane has incurred attorneys' fees to enforce its trademark, and TaxLane has suffered damages as a result of Defendant's actions.

24. Defendant is liable to TaxLane for trademark infringement under 15 U.S.C. § 1114 in an amount to be determined at trial.

25. Defendant's acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case under 15 U.S.C. § 1117.

26. TaxLane is entitled to a permanent injunction against Defendant, as well as other remedies under the Lanham Act, including but not limited to compensatory damages, disgorgement of Defendant's profits, costs of this action, attorneys' fees, and treble damages.

**COUNT TWO – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125 (LANHAM ACT § 43)**

27. The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

28. The Registered TAX LANE ® Trademark, as used by TaxLane in connection with its services, is a distinctive mark and has become associated with TaxLane and thus exclusively identifies TaxLane's services.

29. Defendant's continued use of TaxLane's Registered Trademark to promote, market, or sell its services in direct competition with TaxLane's services constitutes unfair competition and false designation of origin pursuant to 15 U.S.C. § 1125(a).

30. Defendant has used and continues to use TaxLane's trademarked name in the operation of Defendant's business.

31. Defendant has promoted its services using TaxLane's Registered Trademark in order to compete directly with TaxLane.

32. Defendant's continued use of TaxLane's Registered Trademark is likely to cause confusion, mistake, and deception among consumers.

33. Defendant's unfair competition has caused and will continue to cause damage to TaxLane, including the expenditure of attorneys' fees, and is causing irreparable harm to TaxLane for which there is no adequate remedy at law.

34. TaxLane is entitled to a permanent injunction against Defendant, as well as other remedies under the Lanham Act, including but not limited to compensatory damages, disgorgement of Defendant's profits, costs of this action, attorneys' fees, and treble damages.

## COUNT THREE – COMMON LAW UNFAIR COMPETITION

35.   The allegations contained in the foregoing paragraphs are re-alleged and incorporated as if fully set forth herein.

36.   Defendant has engaged in unfair competition by intentionally using TaxLane's Registered TAX LANE ® Trademark to hold out their services as those of TaxLane, or as affiliated with, sponsored by, or otherwise connected with TaxLane. TaxLane has established its trademark honestly and through a long course of fair dealing with the public.

37.   Defendant's actions have been willful as evidenced by its continued use of the TaxLane trademark in Pennsylvania after being informed they are infringing on a registered trademark.

38.   Defendant's actions have caused actual deceit and fraud upon the public.

39.   TaxLane has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, having complained of defendant Video Tax News Inc., plaintiff TaxLane, LLC prays the Court find as follows:

A.   That Defendant be preliminarily and permanently enjoined from using's TaxLane's trademark, and from unjustly competing against TaxLane;

B.   That pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by TaxLane resulting from the acts alleged herein, as well as special damages permitted under the Lanham Act;

C.   That the Court award TaxLane punitive damages as allowed by law;

     D.    That the Court award TaxLane its costs and attorneys' fees allowable under federal and state law;

     E.    That the Court award such other and further relief as this Court may deem just and proper.

This  8th  day of March 2019.

                                              s/Richard W. James

                                              Richard W. James
                                              25 Churchill Road
                                              Pittsburgh, PA  15235
                                              Telephone:   (412) 913-8305
                                              PA Attorney ID: 80426

                                              *Counsel for TaxLane, LLC*